Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000364
08-MAY-2018
08:03 AM

NO. CAAP-17-0000364

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK NATIONAL ASSOCIATION, as Trustee
for Structured Asset Investment Loan Trust,
Mortgage Pass-Through Certificates, Series 2006-1,
Plaintiff-Appellee,
v.
JUSTIN RYAN KAPONO FERGERSTROM; AKIKO WATARI FERGERSTROM,
Defendants-Appellants,
and
U.S. BANK NATIONAL ASSOCIATION, as Trustee for Structured Asset
Investment Loan Trust, Mortgage Pass-Through Certificates, Series
2006-1; ASSOCIATION OF APARTMENT OWNERS OF HONOULIULI GARDENS,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50;
DOE ENTITIES 1-50, and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-0382)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Chan, JJ.)

Defendants-Appellants Justin Ryan Kapono Fergerstrom
and Akiko Watari Fergerstrom (collectively the Fergerstroms)
appeal from the "Findings of Fact, Conclusions of Law, Order
Granting Plaintiff's Motion for Summary Judgment and Decree of
Foreclosure Against All Defendants on Complaint Filed

February 11, 2014" (Order Granting Summary Judgment) and the "Judgment on Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed February 11, 2014" (Judgment) both entered on March 23, 2017, by the Circuit Court of the First Circuit (circuit court).[1] The Order Granting Summary Judgment and Judgment were entered in favor of Plaintiff-Appellee U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-1 (U.S. Bank).

On appeal, the Fergerstroms contend that the circuit court erred in granting summary judgment in favor of U.S. Bank because (1) U.S. Bank failed to prove that it was entitled to enforce the note at the commencement of the foreclosure proceeding and (2) the Declaration of Vanna D. Tipton (Tipton) was not sufficient, as a custodian of records or qualified witness to authenticate certain documents including the note and mortgage.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the Fergerstroms' points on appeal as follows, and vacate and remand.

In order to establish a right to foreclose, the foreclosing plaintiff must prove that it has standing, or entitlement to enforce the subject note, at the time the action was commenced. Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367-70, 390 P.3d 1248, 1254-57 (2017).

> In order to prove entitlement to foreclose, the foreclosing party must demonstrate that all conditions precedent to foreclose under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with. See 55 Am. Jur. 2d Mortgages § 575 (Nov. 2016 Update). This typically requires the plaintiff to prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice. See Bank of

---

[1] The Honorable Bert I. Ayabe presided.

> Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551,654 P.2d 1370, 1375 (1982) (citing 55 Am. Jur. 2d Mortgages § 554 (1971)). A foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage.

Id., 139 Hawaiʻi 361, 367, 390 P.3d 1248, 1254 (2017) (further citations omitted). In Reyes-Toledo, the Hawaiʻi Supreme Court held that although the foreclosing bank produced evidence that it possessed the blank-indorsed note at the time it moved for summary judgment, a genuine issue of material fact existed as to whether the bank possessed the note, or was a holder of the note, at the time it brought the foreclosure proceeding. Id. at 370-71, 390 P.3d at 1257-58 ("Here, there is no evidence in the record, either through the Note itself, the [Declaration of the custodian of records or other qualified witness], or the other documents attached to the motion for summary judgment, showing that the blank indorsement on the Note occurred prior to the initiation of the suit.").

In this case, the circuit court granted U.S. Bank's motion for summary judgment and decree of foreclosure. In support of its motion for summary judgment, U.S. Bank attached several documents in seeking to demonstrate its entitlement to enforce the note, including, *inter alia*: (1) Tipton's Declaration executed on January 12, 2016, attesting that U.S. Bank "is in possession of the Promissory Note AND The Promissory Note includes an Allonge indorsed in blank"; (2) the Balloon Note ("Note"), executed on October 26, 2005, which shows that it was indorsed in blank by way of an Allonge attached to the Note; and (3) an attorney affirmation executed by counsel for U.S. Bank in compliance with Hawaii Revised Statutes (HRS) § 667-17 (2012)[2] affirming that counsel had verified the accuracy of the

---

[2] HRS § 667-17 (2012) provides, in relevant part, that:

> Any attorney who files on behalf of a mortgagee seeking to foreclose on a residential property under this part shall sign and submit an affirmation that the attorney has verified the accuracy of the documents submitted, under penalty of perjury and subject to applicable rules of professional conduct.

documents.[3] Similar to <u>Reyes-Toledo</u>, this evidence fails to demonstrate that U.S. Bank was entitled to enforce the Note at the time the action commenced.

Additionally, there is no other evidence in the record to establish U.S. Bank's entitlement to enforce the Note when it commenced the foreclosure proceeding. The Complaint for Foreclosure alleges that "[U.S. Bank] is the holder of the Note[.]" However, the Note and blank-indorsed Allonge were not attached to the complaint nor is there any verification or other evidence submitted verifying that U.S. Bank held the Note and Allonge at the time the complaint was filed.

Thus, viewing the facts and inferences in the light most favorable to the Fergerstroms, there is a genuine issue of material fact as to whether U.S. Bank held the Note at the time it filed the complaint. As such, the circuit court erred in granting U.S. Bank's motion for summary judgment. In light of this ruling, we need not address the Fergerstroms' argument with respect to whether Tipton, as servicing agent for U.S. Bank, is the proper custodian of records or qualified witness for purposes of authenticating the Note and mortgage.

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed February 11, 2014" and the "Judgment on Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed February 11, 2014" both entered on

---

[3] HRS § 667-17 was amended in 2014, effective April 23, 2014, requiring the affirmation to be filed with the court at the time the action is commenced. 2014 Haw. Sess. Laws Act 37, § 1 at 87. The subject foreclosure action was commenced, with the filing of the Complaint for Foreclosure, on February 11, 2014, prior to the effective date of the 2014 amendment, therefore, the attorney affirmation, which was attached to U.S. Bank's motion for summary judgment, was not untimely. In any event, however, it appears that in <u>Wells Fargo Bank, N.A. v. Behrendt</u>, SCAP-16-0000645, 2018 WL 1325153 (Haw. Mar. 15, 2018) an attorney affirmation in the record in that case was not given any evidentiary merit. <u>See</u> <u>Wilmington Sav. Fund Soc. v. Yasuda</u>, No. CAAP-17-0000433, 2018 WL 1904909 (Haw. App. Apr. 23, 2018) (SDO) (Ginoza, J., concurring).

4

March 23, 2017, by the Circuit Court of the First Circuit are vacated. This case is remanded to the Circuit Court of the First Circuit for further proceedings consistent with this Order.

DATED: Honolulu, Hawai'i, May 8, 2018.

On the briefs:

Gary Victor Dubin, and
Frederick J. Arensmeyer,
(Dubin Law Offices),
for Defendants-Appellants.

Edmund K. Saffery, and
Lynda L. Arakawa,
(Goodsill Anderson Quinn &
Stifel, LLP),
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge